## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| KEN AKOUNDI on behalf of himself, and all others similarly situated, | ) ) ) | |
| Plaintiff(s), | ) ) | Civil Action No.: 14-cv-0366-RWS |
| vs. | ) ) | |
| FMS, INC., and JOHN DOES 1-25, | ) ) | |
| Defendant(s). | ) ) | |
| _____ | ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
## AMENDED CLASS ACTION COMPLAINT

Defendant FMS, Inc. ("FMS"), through counsel and under Federal Rule of Civil Procedure 12(b)(6) and Local Rules 6.1 and 7.1, submits the following memorandum of law in support of its Motion to Dismiss the first amended complaint filed by plaintiff, Ken Akoundi, for failure to state a claim upon which relief can be granted, and states:

## I. INTRODUCTION

On July 22, 2014, this Court entered an order granting FMS's Motion to Dismiss plaintiff's original complaint. The Court held FMS's letters to plaintiff did not violate the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* In particular, the Court held that using a rounded figure is not false and deceptive. Docket No. 24, pp. 9-11. Furthermore, the Court held that to the extent rounding may be technically false, it does not constitute a material misrepresentation.

1

Additionally, the Court held that plaintiff presented no facts to support his conclusory claim that Citibank, N.A. (Citi), the creditor, did not authorize the settlement offer. *Id.* at pp. 12-13. The Court dismissed plaintiff's claims and granted leave to amend, presumably to either add facts or legal claims.[1]

On August 6, 2014, plaintiff filed his amended complaint. ***Plaintiff's amended complaint does not add any new facts or claims. Instead, the amended complaint merely restates what was previously alleged. The amended complaint should be dismissed***. Furthermore, because the amended complaint fails to add any new facts or claims, the Court should award FMS attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

The facts and circumstances have not changed from the original complaint. Importantly, plaintiff does ***not*** dispute owing the debt, nor does he allege FMS misstated or mischaracterized the amount he owes; instead, plaintiff is complaining about the settlement offers he received. Specifically, plaintiff alleges the settlement letters purportedly offering to settle his account for 25% of the balance were false, deceptive, and misleading because the "settlement amount" quoted in the letters ($1,711.57) was actually 1 penny more than 25% of the balance. In other words, even though $1,711.57 is in fact 25.0001% of $6,846.24, plaintiff claims FMS improperly stated the settlement offer was for 25%. Further, plaintiff claims "upon information and belief" the letters falsely state the creditor, Citi, authorized the settlement offers. ***This is exactly what***

---

[1] The Court also dismissed plaintiff's claim relating to 15 U.S.C. § 1692g. Plaintiff has not raised the 1692g claim in the amended complaint.

***plaintiff alleged in the original complaint***.  Plaintiff is wrong on all counts, and the Court should dismiss plaintiff's complaint as a matter of law.

***First***, plaintiff has merely restated the same facts and claims, which the Court addressed when dismissing his original complaint.  ***Second***, the exact dollar amount of the settlement offer, *i.e.*, the "settlement amount," is plainly stated on the face of the letters and accurately reflects the percentage discounted.  Simply put, $1,711.57 is 25% of $6,846.24.  ***Third***, the FMS letters plainly state Citibank "authorized" the settlement offers.  Plaintiff has alleged no facts to the contrary, and to read the letter any other way would be absurd.  To be sure, while the FDCPA was designed to protect consumers, "it also prevents liability for bizarre or idiosyncratic interpretations of collection notices [such as plaintiff's] by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'"  *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir. 2000).

## II. BACKGROUND AND PROCEDURAL HISTORY

As stated above, on January 21, 2014, plaintiff filed this action alleging 2 settlement offer letters he received from FMS violated the FDPCA.  On July 22, 2014, this Court granted FMS's Motion to Dismiss.  On August 6, 2014, plaintiff filed an amended complaint.

The collection letters at issue are attached to the amended complaint.  The first letter is dated August 12, 2013 (the "August Letter"), and states "We have been authorized by CITIBANK, N.A. to offer you a 25% settlement to pay your outstanding

balance, ***as shown***." Docket No. 27, Ex. A. (emphasis added). On the right side in a box labeled "Account Summary," the letter states the "Total Balance Due" is $6,846.24, and the "Settlement Amount" is $1,711.57. *Id.* The letter also states the settlement offer "is good through September 26, 2013," and that payment should be "made payable to CITIBANK N.A." *Id.* Finally, the letter includes a notice informing plaintiff of his rights under § 1692g of the FDCPA, including the right to dispute the debt within 30 days ("debt validation notice"). *Id.* The second letter, dated September 25, 2013 (the "September Letter"), is identical to the August Letter except that it states the settlement offer is good through November 9, 2013. *Id.*, Ex. B.

Plaintiff alleges the letters are false and misleading under § 1692e of the FDCPA, because they misrepresent the settlement offer is for 25% of the balance.[2] *Id.* at ¶ 96. Plaintiff claims "25% of the Total Balance Due of $6,846.24 is $1,711.56, however, the August 12, 2013 letter states the "Settlement Amount" is '$1,711.57." *Id.* Plaintiff also alleges the creditor "was never involved in offering" the settlement. *Id.* at ¶¶ 47 and 65.

FMS now moves to dismiss plaintiff's amended complaint as a matter of law because plaintiff has merely restated the same arguments and facts that the Court addressed when dismissing plaintiff's original complaint; FMS's letter plainly states the

---

[2] In Count III (the amended complaint does not include "Count II"), plaintiff also alleges FMS violated 15 U.S.C. § 1692f based upon the same alleged conduct. This Court, however, has held if plaintiff fails to allege any misconduct beyond that which plaintiff asserts violates § 1692e, "plaintiff has not stated a claim for relief under section 1692f." *Suquilanda v. Cohen & Slamowitz, LLP*, 2011 WL 4344044, *9 (S.D. N.Y. 2011) (citing authorities) (dismissing claims under Section 1692f which merely recited the same purported misconduct alleged under 1692e). Thus, plaintiff's 1692f claim also fails as a matter of law and should be dismissed.

settlement amount which *is* 25% of the balance, and plaintiff again fails to allege any facts to support his conclusory claim Citi did not authorize the settlement.

### III. LAW AND ARGUMENT

A party may move to dismiss under Fed. R. Civ. P. 12(b)(6) when the complaint "fail[s] to state a claim upon which relief can be granted."  While a court must accept as true all of the allegations contained in a complaint, that principle does not apply to legal conclusions.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").   In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  Thus, a court's first task is to disregard any conclusory statements in a complaint.  *Id*. at 679.

Next, a court must determine if the complaint contains "sufficient factual matter" which, if accepted as true, states a claim that is "plausible on its face."  *Id.; accord Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) ("[A] complaint must allege facts that are not merely consistent with the conclusion that the defendant violated the law, but which actively and plausibly suggest that conclusion."). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for

more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a complaint is insufficient under Rule 8(a) because it has merely alleged but not shown "that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).   While a court typically examines only the allegations of a pleading on a motion to dismiss, "[d]ocuments that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007).

## A. Plaintiff Has Merely Restated The Same Facts And Claims Which The Court Addressed When Dismissing His Original Complaint.

In his amended complaint, plaintiff merely restates his original allegations in a thinly veiled attempt to address the shortcomings identified by the Court's dismissal order.   First, plaintiff alleges FMS intentionally used an algorithm to create a larger settlement amount.   Docket No. 27, ¶¶ 32-40.   Plaintiff, however, already pled that FMS intentionally made materially false statements on the basis of an algorithm (see Docket No. 1, ¶¶ 63-66), which this Court noted in its order:

> Plaintiff suggests that this figure was generated via an algorithm, employed by FMS to calculate settlement amounts slightly higher than that which have been authorized.  Plaintiff, however, relies solely on the fact that the stated percentage figure was rounded (i.e. "25% versus "25.0001460655776%) to support his theory that the settlement letter reveals a fraudulent scheme.

Docket No. 24, p. 10.  Plaintiff's "new" allegation is based entirely upon the fact that the stated percentage figure was rounded, not upon new or different facts.  Indeed, plaintiff

has merely reasserted the same theory using different words, but it does not change the fact that his theory regarding an algorithm and intentional wrongdoing, which the Court has already addressed and are vehemently denied, is born from the same underlying facts asserted in the original complaint.

Second, plaintiff now claims his and the least sophisticated consumer's "decision to pay the debt" was or would be "influenced" by the purported one penny discrepancy. Docket No. 27, ¶¶ 80-83.  Conveniently, plaintiff's "new" allegations track the elements most courts in this circuit have articulated as necessary to establish "materiality" under the FDCPA.  Docket No. 27, p. 9, *citing Kassel v. Universal Fidelity, LP*, 2014 WL 824335, *2 (E.D. N.Y. 2014); *Klein v. Solomon & Solomon, P.C*., 2011 WL 5354250, *2 (D. Conn. 2011).  Plaintiff's allegation, however, was directly addressed in this Court's decision:

> It is implausible that a reasonable consumer would read the plainly listed settlement amount and, without an egregious disparity to prompt them, then calculate the amount and be so perplexed by the difference of a penny from their own calculation that they would assume that a conspiracy to defraud them and others similarly situated was afoot, rather than assume the figure had, for instance, been rounded for the sake of simplicity. Perhaps the least sophisticated consumer would wonder why the settlement amount represented an imperfect percentage of the overall obligation, but it beggars belief that they would feel "forced to guess" whether Citi was actually involved in the settlement and whether submitting the stated settlement amount would eliminate the debt on the basis of a self-identified one-cent "discrepancy" alone.

Docket No. 24, p. 11.  Furthermore, plaintiff's "new" allegation merely states a legal conclusion, but does not state any new facts explaining how one's decision would be influenced by a one-cent discrepancy.

7

Finally, plaintiff slightly reworded his claim that the creditor was not involved, "[u]pon information and belief, Citibank N.A. was never involved in offering, in the August 12, 2013 letter, a Settlement Amount percentage of the Total Balance Due that was mathematically greater or less than the Settlement."  Docket No. 27, ¶ 47.  But this is **_exactly_** what plaintiff previously pled, as summarized in this Court's order:

> Plaintiff contends that either (1) Citibank only authorized a settlement of a perfect twenty-five percent, so any deviation would be improper and therefore fraud or (2) Citibank never authorized any sort of reduction in the debt in order to settle the account, in which case the attempt to settle without Citi's permission would be a deception. . . . At best, Plaintiff only promises that at the discovery phase "FMS will produce discovery and/or produce a witness at a deposition that will reveal that it actual uses a number greater than 25% in its '25% Settlement Amount' letters for its own strategic business purposes."  While it is understood that plaintiffs will not always have the full set of relevant facts in their possession at the time a lawsuit commences, a vague promise to establish facts later on in a litigation is insufficient to survive a motion to dismiss.  In the absence of other facts, Plaintiff's bare assertions that FMS' settlement offer was unauthorized are at best creative, but wholly unsupported.

Docket No. 24, p. 12-13.

Plaintiff attempts to restate his original allegations using different words he believes will cure the deficiencies of his original complaint.  **_Plaintiff is wrong because semantics cannot replace substance_**.  Plaintiff's claim surpasses "bizarre and idiosyncratic," and rises to the level of absurdity.  *Iqbal*, 556 U.S. at 6779.  Worse, by filing an amended complaint that only restates the exact points addressed and rejected by the Court's order, the claims are harassing.

### B. FMS Plainly And Accurately Stated The Settlement Amount.

Plaintiff's primary argument appears to be FMS falsely stated it was offering a

25% settlement when in fact the settlement amount was 1 penny more, or 25.0001%.  The Second Circuit has adopted the least-sophisticated consumer standard for determining whether a letter is false and misleading.  *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993).  In applying the standard, courts have carefully preserved the concept of reasonableness finding "even the least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care."  *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005).  In other words, the standard shields debt collectors from liability for "bizarre or idiosyncratic interpretations" of debt collection letters such as plaintiff's.  *Id.*; *Clomon*, 988 F.2d at 1319; *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 236 (2d Cir. 1998).

Here, plaintiff's interpretation of the letters is just that – bizarre and idiosyncratic.  Both letters advise plaintiff FMS is offering a "25% settlement to pay your outstanding balance, ***as shown***."  Docket No. 27, Exs. A & B.  (Emphasis added).  And, both letters show the settlement amount as $1,711.57.  Plaintiff's argument that $1,711.57 is not 25% of the "Total Balance Due" ($6,846.24) is wrong.  $1,711.57 divided by $6,846.24 is 25.0001%.  Apparently, plaintiff wants this Court to hold FMS liable for labelling the offer "25% Settlement Offer" and not "25.0001% Settlement Offer."

Moreover, many courts in this and other circuits have held to "satisfy the FDCPA, the alleged act must at a minimum involve a misrepresentation that is 'material.'" *Okyere v. Palisades Collection, LLC*, 2013 WL 1173992, *8 (S.D. N.Y. 2013); *see also*

*Gabriele v. Am. Home Mortg. Servicing, Inc.*, 503 Fed.Appx. 89, 94 (2d Cir. 2012) ("Although Congress did not expressly require that any violation of § 1692e be material, courts have generally held that violations grounded in 'false representations' must rest on material misrepresentations."); *Fritz v. Resurgent Capital Servs., LP*, 955 F. Supp. 2d 163, 170 (E.D. N.Y. 2013); *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 374 (4th Cir. 2012) (collecting cases); *Sussman v. I.C. Sys., Inc.*, WL 842598, *8 (S.D. N.Y. 2013) (citing cases); *Walsh v. Law Offices of Howard Lee Schiff, P.C.*, 2012 WL 4372251, *3-5 (D. Conn. 2012).  One-ten-thousandth of one-percent, .0001%, is de minimis and cannot be considered material.

To be "material," the statement must "influence a consumer's decision or ability to pay or challenge a debt."  *Kassel v. Universal Fidelity, LP*, 2014 WL 824335, *2 (E.D. N.Y. March 2, 2014); *Klein v. Solomon & Solomon, P.C.*, 2011 WL 5354250, *2 (D. Conn. 2011).  "Imposing liability for technical falsehoods that have no bearing on the debt or the ability to dispute it furthers no conceivable consumer interest under the FDCPA and only increases the cost of credit by subjecting debt collectors to frivolous claims."  *Walsh v. Law Offices of Howard Lee Schiff, P.C.*, 2012 WL 4372251, *4 (D. Conn. 2012); *see Hasbrouck v. Arrow Financial Services, LLC*, 2011 WL 1899250, *4 ("An immaterial statement or information does not contribute to the objective of the FDCPA nor does it undermine it.").  Even the Supreme Court and Circuit Courts have repeatedly applied a "de minimis rule" when reviewing mere seconds or minutes in wage and labor cases.  *Reich v. New York City Transit Auth.*, 45 F.3d 646, 653 (2d Cir. 1995).

Plaintiff cannot plausibly claim the difference of 1 penny influenced his or any other consumer's decision or ability to pay the settlement.  Certainly, one-ten-thousandth of one-percent is immaterial.  Again, the amount of the offer is plainly stated, and is accurately reflected by the label "25% SETTLEMENT OFFER."

### *C. Plaintiff Fails To Allege A Single Fact To Suggest Citi Did Not Authorize The Settlement*.

As a secondary argument, plaintiff claims "[u]pon information and belief, Citibank N.A. was never involved in offering . . . a Settlement Amount percentage of the Total Balance Due that was mathematically greater or less than the Settlement Amount." Docket No. 27, ¶ 47.   Though plaintiff has slightly revised his presentation of the allegation, this Court, as explained above, understood exactly what plaintiff meant and dismissed the claim.  The Court should dismiss plaintiff's claim again.

Plaintiff ***again*** provides ***absolutely no factual basis*** for such a "belief."  Plaintiff's claim surpasses "bizarre and idiosyncratic," and rises to the level of absurdity.  *Iqbal*, 556 U.S. at 6779.  The letters plainly state, "We have been authorized by CITIBANK, N.A. to offer you a 25% settlement to pay your outstanding balance, as shown."  Docket No. 27, Ex. A.  The letters further indicate Citi's involvement by directing plaintiff to make his payment directly to "CITIBANK, N.A.," and advising what the creditor, *i.e.*, Citibank, will do in the event the settlement is more than $600 of the principal balance.  *Id*. Plaintiff's conclusory allegation alone is not enough.  Plaintiff ***again*** fails to provide ***any*** facts to state a plausible claim under *Iqbal* and *Twombly*, and his claims should, therefore, be dismissed as a matter of law.

11

**D. Defendant Should Be Awarded Fees And Costs Pursuant To 15 U.S.C. § 1692k(a)(2)(C).**

Plaintiff's amended complaint (and original complaint), is based entirely upon the FDCPA.  To avoid abuse, the FDPCA allows an award of attorney's fees to the defendant if "an action under this section was brought in bad faith and for the purpose of harassment."  15 U.S.C. § 1692k(a)(3).  Here, the amended complaint does not add any new facts or theories that were not previously presented in plaintiff's original complaint.  Plaintiff's amended complaint is harassing.  Accordingly, FMS asks this Court to award it fees and costs relating to its defense of the amended complaint.

## IV. CONCLUSION

In sum, plaintiff has merely reasserted the same facts and theories and ***again*** fails to allege any facts to support his claims that FMS's settlement offer letters contained any false or misleading statements, and the Court should dismiss plaintiff's amended complaint as a matter of law.  Furthermore, the Court should award FMS fees and costs relating to its defense of the amended complaint.

Dated:  September 3, 2014                  Respectfully submitted,

                                           /s/ Aaron R. Easley
                                           _____
                                           Aaron R. Easley, Esq. (ae9922)
                                           SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
                                           3 Cross Creek Drive
                                           Flemington, NJ 08822
                                           908-237-1660
                                           Fax: 908-237-1663
                                           Email: aeasley@sessions-law.biz

                                           Bryan C. Shartle, Esq.
                                           SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
                                           3850 N. Causeway Blvd., Suite 200
                                           Metairie, Louisiana 70002
                                           Telephone:    (504) 828-3700
                                           Facsimile:    (504) 828-3737
                                           Email: bshartle@sessions-law.biz
                                           Attorneys for Defendant,
                                           FMS, Inc.

## CERTIFICATE OF SERVICE

I certify that on this 3rd day of September 2014, a copy of **MEMORANDUM OF LAW IN SUPPORT OF FMS, INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** was filed electronically in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below.  Parties may access this filing through the Court's system.

Joseph K. Jones, Esq.
Benjamin J. Wolf, Esq.
LAW OFFICES OF JOSEPH K. JONES, LLC
100 Park Avenue, 20th Floor
New York, NY 10017
jkj@legaljones.com
bwolf@legaljones.com

/s/ Aaron R. Easley
Aaron R. Easley
*Attorneys for Defendant,*
*FMS, Inc.*
