```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X

KEN AKOUNDI on behalf of himself, and
all others similarly situated,

                Plaintiff,
                                              14 Civ. 366 (RWS)
    - against -
                                                   OPINION
FMS, INC. and JOHN DOES 1-25,

                Defendants.

---------------------------------------X

A P P E A R A N C E S:


    Attorneys for the Plaintiff

    LAW OFFICES OF JOSEPH K. JONES, LLC
    555 Fifth Avenue, Suite 1700
    New York, NY 10017
    By: Joseph K. Jones, Esq.
        Benjamin J. Wolf, Esq.
```



```
    Attorneys for the Defendants

    SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
    3 Cross Creek Drive
    Flemington, NJ 08822-4938
    By: Aaron R. Easley, Esq.
        Bryan C. Shartle, Esq.
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X

KEN AKOUNDI on behalf of himself, and
all others similarly situated,

                Plaintiff,

    - against -

FMS, INC. and JOHN DOES 1-25,

                Defendants.

---------------------------------------X

14 Civ. 366 (RWS)

OPINION

A P P E A R A N C E S:

Attorneys for the Plaintiff

LAW OFFICES OF JOSEPH K. JONES, LLC
555 Fifth Avenue, Suite 1700
New York, NY 10017
By:  Joseph K. Jones, Esq.
     Benjamin J. Wolf, Esq.



Attorneys for the Defendants

SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3 Cross Creek Drive
Flemington, NJ 08822-4938
By:  Aaron R. Easley, Esq.
     Bryan C. Shartle, Esq.

**Sweet, D.J.**

On August 5, 2014, plaintiff Ken Akoundi ("Plaintiff") filed an amended complaint ("AC") alleging violations of the Fair Debt Collection Practices Act (the "FDCPA"). On September 3, 2014, defendant FMS, Inc. ("Defendant") moved to dismiss the AC for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion was marked fully submitted on October 22, 2014.

Despite the clear roadmap provided in the Court's opinion dated July 16, 2014 (Dkt. No. 24) dismissing Plaintiff's initial complaint, Plaintiff has failed to amend his complaint sufficient to withstand the strictures of Federal Rule of Civil Procedure 12(b)(6). See Ashcroft v. Iqbal, 556 U.S. 662, 556 (2009) (A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); see also Munoz-Nagel v. Guess, Inc., No. 12-CV-1312, 2013 WL 1809772, *3 (S.D.N.Y. Apr. 30, 2013) ("Though a plaintiff may plead facts alleged upon information and belief where the belief is based on factual information that makes the inference of culpability plausible, such allegations must be accompanied by a statement of the facts upon which the belief is

1

founded."); Jaffe v. Capital One Bank, No. 09 Civ. 4106, 2010 WL 691639, *4 (S.D.N.Y. 2010)(a "hunch . . . does not amount to a claim to relief that is plausible on its face."). As such, Defendant's motion to dismiss is granted.

Defendant's request for costs and fees pursuant to 15 U.S.C. § 1692k(a)(3) is denied. Section 1692k(a)(3) permits courts to award reasonable attorneys' fees and costs to a defendant only upon a finding "that an action under this section was brought in bad faith and for the purpose of harassment." Emanuel v. Am. Credit Exch., 870 F.2d 805, 809 (2d Cir. 1989). Such a finding is inappropriate here. See Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 95-96 (2d Cir. 2008) (finding that plaintiff's subjective reaction to a debt collection letter and acknowledgement of validity of the underlying debt were facts irrelevant to the question of whether the action was brought in bad faith and for the purpose of harassment); see also Kahen-Kashani v. Nat'l Action Fin. Servs., No. 03CV828, 2004 WL 1040384, *7 (W.D.N.Y. Apr. 12, 2004) (noting that defendant must establish both bad faith and that the suit was instituted for the purpose of harassment).

It is so ordered.

Dated:   New York, New York
         November 14, 2014

_____
Robert W. Sweet
U.S.D.J.

3